OPINION
{¶ 1} Appellant, Matt Bernard, appeals from the judgment of the Niles Municipal Court, awarding $1,495 in damages to appellee, Victorian Room Banquet Center, Inc., for alleged breach of contract.
 {¶ 2} The following facts were ascertained from the narrative Statement of Evidence and Proceedings submitted on behalf of the parties and adopted by the municipal court as accurately setting forth the substance of the case. The trial was not recorded. This statement is included in the record of appeal pursuant to App.R. 9(C).
 {¶ 3} On December 19, 2001, the parties entered into a written contract. The contract term was from December 19, 2001 to March 19, 2002. The contract required appellant to create a website for appellee and acquire a domain name. Pursuant to the contract, appellee agreed to pay appellant the sum of $1,319.67, in four installment payments. Appellee made three payments on the contract totaling $1,150. Appellant provided a draft of the website for appellee. Appellee expressed dissatisfaction with the draft, due to alleged mistakes and errors. Appellant further failed to transfer the domain name to appellee, as required under the agreement. The parties terminated their relationship in August or September 2002, after they failed to resolve their disagreements. Appellee hired a third party to complete the website at a cost of $500, and obtained another domain name at a cost of $95.
 {¶ 4} On January 3, 2005, Appellee filed a complaint against appellant for breach of contract seeking damages in excess of $12,500.
 {¶ 5} The matter proceeded to trial on August 25, 2005. Pursuant to the court's request both parties submitted proposed findings of fact and conclusions of law. By its December 14, 2005 judgment entry, the court rendered judgment in favor of appellee in the amount of $1,495, against appellant.
 {¶ 6} In calculating the amount of damages to award appellee, the trial court found as follows: (1) the price of the contract was $1,319.67; (2) appellee paid appellant $1,150 as partial payment; (3) appellee hired a third party to complete the website and obtain a domain name; and (4) appellee paid the third party $595 for services to be performed under the contract. The court awarded appellee the sum of $1,495, the partial payment to appellant of $1,150, plus $595 for completion of the project, less $250, which the court identified as value for the services provided by appellant in drafting the website.
 {¶ 7} Appellant timely appealed asserting a sole assignment of error.[1]
 {¶ 8} "A judgment for $1,495 in damages predicated upon breach of contract is contrary to the manifest weight of the evidence where the [c]ourt's finding was that only $595.00 was incurred as actual damages."
 {¶ 9} In Gerijo, Inc. v. Fairfield (1994),70 Ohio St.3d 223, 226, 1994-Ohio-432, the Supreme Court of Ohio stated: "* * * [J]udgments supported by competent, credible evidence going to all the material elements of the case must not be reversed, as being against the manifest weight of the evidence. C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279 * * *, syllabus. We must indulge every reasonable presumption in favor of the lower court's judgment and finding of facts. Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77 * * *. In the event the evidence is susceptible to more than one interpretation, we must construe it consistently with the lower court's judgment. See Ross v. Ross (1980), 64 Ohio St.2d 203 * * *." (Parallel citations omitted.)
 {¶ 10} With this standard of review in mind, we shall address appellant's sole assignment of error challenging the court's damage award as against the manifest weight of the evidence.
 {¶ 11} In his assignment of error, appellant argues that that court erred in its calculation to determine damages. He contends that the court should have reduced the additional $595 incurred by appellee, for completion of the contract, by $169.67, the outstanding amount that appellee owed on the contract. Thus, appellant concludes that the judgment for damages should have been $435.33, instead of $1,495.
 {¶ 12} Initially, we note that appellant has made a mathematical mistake. $595 less $169.67 is $425.33, and not $435.33. Essentially, appellant contends that the trial court's award of $1,495 is not supported by the evidence and results in appellee receiving a greater amount than the benefit of their bargain. We agree.
 {¶ 13} Here, appellee sought to recover the benefit of its bargain, i.e., compensatory damages, flowing from appellant's failure to provide a website and acquire the domain name for its business.
 {¶ 14} A party proving breach of contract is entitled to the "benefit of his bargain." City of Girard v. LeatherworksP'ship, 11th Dist. No. 2004-T-0010, 2005-Ohio-4779, at ¶ 41, citing, Garofalo v. Chicago Title Ins. Co. (1995),104 Ohio App.3d 95, 108. "In a breach of contract action, the award of money damages is designed to place an aggrieved party in the same position that he or she would have been had the contract not been breached. Buckley v. Ollila (Mar. 3, 2000), 11th Dist. No. 98 T-0177, 2000 Ohio App. LEXIS 787, 7-8. That is, damages are to be compensatory in nature and not punitive. A party should not be placed in a better position than if the contract had not been breached." Brads v. First Baptist Church of Germantown (1993),89 Ohio App.3d 328. Nelson Sand Gravel v. Ring, 11th Dist. No. 2001-A-0058, 2002-Ohio-6467, at ¶ 17.
 {¶ 15} "The party seeking damages in a breach of contract action bears the burden of proving the nature and extent of his or her damages in order to be entitled to compensation.Akro-Plastics v. Drake Industries (1996), 115 Ohio App.3d 221,226. As a result, an injured party cannot recover damages for breach of contract in excess of the amount that is established by the evidence with reasonable certainty. Cordy v. D G Pools,Inc. (Dec. 26, 1997), 11th Dist. No. 97-T-0079, 1997 Ohio App. LEXIS 5849, at 5." Nelson Sand, at ¶ 18. {¶ 16} To calculate the measure of damages in circumstances such as the case sub judice, we consider the loss to the non-breaching party of the other party's performance. Where an injured party has to pay an additional amount, such amount is a proper measure of damages. In the case at bar, the statement of evidence from the court reveals that had appellant performed the contract as required, appellee would have paid $1319.67.
 {¶ 17} The measure of damages that places appellee in the same position as it would have been but for appellant's breach is $425.33, which is the amount appellee had to pay to obtain the services that appellant agreed to perform, $1,745, less the contract price of $1,319.67.
 {¶ 18} Further, the court's credit of $250 for the value of services performed by appellant is not supported by the evidence. The court found that appellant prepared a draft of the website. However, the contract does not itemize the value of work to be performed by appellant, and the court offered no explanation of its determination of the $250 offset to the damage award.
 {¶ 19} Conversely, the court findings of the $1,319.67 contract price, and the additional sum of $500 to "complete" the website, plus another $95 for the domain name, are supported by the evidence. Thus, the court erred in failing to rely on the certainty of the evidence, when it did not use the price of the contract in its calculation and instead relied upon a valuation of appellant's work performed, unsupported by the evidence.
 {¶ 20} We further note that the court found no additional damages in this case to support an award, beyond one to make appellee whole by completion of the contract.
 {¶ 21} Based upon the forgoing, we conclude that the trial court's judgment awarding appellee $1,495 was not based upon credible, competent evidence and is against the manifest weight of the evidence. Appellant's sole assignment of error is with merit.
 {¶ 22} Having established the proper damage award which should have been rendered, this court is in a position to correct the error of the trial court in the interests of justice and judicial economy.
 {¶ 23} Accordingly, the trial court's judgment awarding appellant $1,495 is modified to $425.33. The judgment of the trial court is modified and affirmed as modified.
Ford, P.J., O'Neill, J., concurs.
[1] We note that appellee did not file an appellate brief.