[Cite as *Riley v. Kavanaugh*, 2024-Ohio-5765.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

JOSEPH RILEY,

        Plaintiff-Appellee,

  - vs -

JULIE KAVANAUGH,

        Defendant-Appellant.

CASE NO. 2024-A-0059

Civil Appeal from the
County Court, Western District

Trial Court No. 2024 CVI 00139 W

# O P I N I O N

Decided: December 9, 2024
Judgment: Affirmed

*Joseph Riley*, pro se, 36250 Reeves Road, Eastlake, OH 44095 (Plaintiff-Appellee).

*Julie Kavanaugh*, pro se, 4244 State Route 534, Hartsgrove, OH 44085 (Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Julie Kavanaugh, appeals the judgment of the Ashtabula County Court, Western Division, in favor of Appellee, Joseph Riley, after a small claims court bench trial. The trial court found that Appellee had loaned Appellant $6,000.00. Appellant's brief asserts two assignments of error relating to the manifest weight and sufficiency of the evidence.

{¶2} Having reviewed the record and the applicable caselaw, the trial court's judgment was not against the sufficiency of the evidence based on Appellee's failure to establish how Appellant used the money she received. Next, the trial court was in the best

position to observe the witnesses and weigh their credibility. The court's judgment was not against the manifest weight of the evidence.

{¶3} Therefore, the judgment of the Ashtabula County Court, Western Division, is affirmed.

## Substantive and Procedural History

{¶4} On March 15, 2024, Appellee filed a pro se small claims complaint in the Ashtabula County Court, Western Division. He claimed that "Julie Kavanaugh had borrowed six thousand dollars from me over two years ago and has refused to pay me back or even discuss the matter with me."

{¶5} On April 23, 2024, the parties engaged in a mediation session and failed to reach an agreement.

{¶6} On May 13, 2024, the trial court held a bench trial. Both parties appeared pro se. At the hearing, Appellee stated that he had lent $6,000.00 to Appellant. Appellee provided checks and bank statements demonstrating he gave Appellant a $5,000.00 check on March 15, 2021, and $1,000.00 check on July 20, 2021. Appellee stated the money was given to Appellant as a loan. One of the checks had the words "I love you – loan" written on the memo line. The trial court said that the word "loan" appeared to have been written after the fact and asked Appellee if he wrote that. He denied writing the word "loan" and said that Appellant wrote it on the check.

{¶7} Appellee testified that he and Appellant were engaged at the time he gave her the checks. First, Appellant testified that the $1,000.00 check was a loan for Appellant "that she borrowed for the bed" and "borrowed for posts and electric fence." He said the $5,000.00 loan was "to pay the barn she had put in by Eli Miller." When asked follow-up

2

questions about whether the money was intended as a gift or a loan, Appellee said that the two were looking at houses together. He said that Appellant bought 15 acres of land solely in her name, but to avoid a problem at the time of closing, she needed a loan to complete the transaction, and he offered Appellant a loan to help.

{¶8} Appellant acknowledged receiving the money from Appellee but said that it was a gift. She said that Appellee was a jilted lover and gave her the money to try to buy her affection in a failing relationship. She denied needing the money or Appellee's help to secure financing or close the property sale. She acknowledged that five banks turned her down "because I'm a nurse and sometimes we go to different facilities." Despite this, she said "I did it on my own."

{¶9} The trial court ruled in favor of Appellee and granted judgment against Appellant in the amount of $6,000.00 with interest thereon at the rate of 5% per annum.

{¶10} Appellant timely filed this pro se appeal and has raised two assignments of error. Appellee has not filed an answer brief.

## Assignments of Error and Analysis

{¶11} Appellant's first assignment of error states: "The court committed prejudicial error in awarding Plaintiff-Appellee Joseph Riley judgment against Defendant-Appellant Julie Kavanaugh for the sum of $6,000.00, together with interest rate of 5% per annum on the 13th day of May, 2024 with costs herein. When no documentation was provided of alleged items purchased by Ms. Kavanaugh to substantiate Mr. Riley's sworn testimony in the courtroom."

{¶12} Appellant's second assignment of error states: "With respect to page 14-15 of the original transcripts submitted a review shows that in fact no loan was ever

3

established between Mr. Riley and Ms. Kavanaugh. At that time the court had the opportunity to request a promissory note with stipulations of repayment conditions for clarification of the small claim before the court."

{¶13} Appellant has filed this brief pro se. While a court may grant a pro se litigant a certain degree of latitude, a "'court cannot simply disregard the rules in order to accommodate a party who fails to obtain counsel.'" *Henderson v. Henderson,* 2013-Ohio-2820, ¶ 22 (11th Dist.), quoting *Goodrich v. Ohio Unemp. Comp. Rev. Comm.*, 2012-Ohio-467, ¶ 25 (10th Dist.). "[A] pro se litigant is held to the same standard as other litigants and is not entitled to special treatment from the court." *Metzenbaum v. Gates*, 2004-Ohio-2924, ¶ 7 (11th Dist.). Appellant's appeal will be held to the same standard as other litigants.

{¶14} App.R. 16(A) requires that the brief of the Appellant include, among other things, "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."  App.R. 16(A)(7).

{¶15} App.R. 12(A)(2) provides that "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

{¶16} Accordingly, this court may disregard an assignment of error that fails to comply with App.R. 12(A) or App.R. 16(A)(7). *South Russell v. Upchurch*, 2003-Ohio-2099, ¶ 9 (11th Dist.).

4

Case No. 2024-A-0059

{¶17} Appellant's brief contains two assignments of error; however, her brief does not contain any argument in support of her assignments. To the extent we can discern, Appellant's assignments of error relate to the weight and sufficiency of the evidence produced at trial.

{¶18} Appellant's first assignment of error appears to challenge the trial court's judgment because "no documentation was provided of alleged items purchased" with the money Appellee claims he loaned to Appellant. This is effectively a challenge to the sufficiency of the evidence.

{¶19} Appellant's second assignment of error appears to argue that the transcript demonstrates that no loan was established, in contradiction to the trial court's factual finding that a loan was established. This is effectively a challenge to the manifest weight of the evidence.

{¶20} "[O]n appeal from a bench trial we review the trial court's factual findings under the manifest weight standard of review, while the trial court's legal findings are reviewed de novo." *Ultimate Salon & Spa, Inc. v. Legends Constr. Group*, 2019-Ohio-2506, ¶ 30 (11th Dist.). In considering whether a civil judgment tried to the bench is against the manifest weight of the evidence, an appellate court applies the same standard as is used in reviewing a criminal judgment. *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 17.

{¶21} "'"[S]ufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the [factfinder] or whether the evidence is legally sufficient to support the [factfinder's] verdict as a matter of law.'" *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997), quoting *Black's Law Dictionary* (6th Ed.1990). The appellate court's standard of review for sufficiency of evidence is to determine, after viewing the

5

evidence in a light most favorable to the petitioner, whether a rational trier of fact could find the essential elements proven to the requisite degree. *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶22} "Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. . . . Weight is not a question of mathematics, but depends on its effect in inducing belief.'" (Emphasis deleted.) *Thompkins* at 387, quoting *Black's Law Dictionary* (6th Ed. 1990). "'The [appellate] court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.'" *Id.,* quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983).

{¶23} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C. E. Morris Co. v. Foley Constr. Co.,* 54 Ohio St.2d 279 (1978), syllabus. "[A] court of appeals [must] be guided by a presumption that the findings of the trier-of-fact were indeed correct. . . . The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984).

{¶24} "Whether verbal or written, the general rule of contract formation is that there must be: (1) an offer; (2) acceptance; (3) consideration; and (4) a legal subject

6

Case No. 2024-A-0059

matter." *Camastro v. Motel 6 Operating, L.P.*, 2001 WL 435361, *2 (11th Dist. April 27, 2001).

**{¶25}** "To establish a breach of contract claim, a party must demonstrate (1) the existence of a binding contract or agreement; (2) the non-breaching party performed its contractual obligations; (3) the breaching party failed to fulfill its contractual obligations without legal excuse; and (4) the non-breaching party suffered damages as a result of the breach." *Cafaro-Peachcreek Joint Venture Partnership v. Spanggard*, 2022-Ohio-4468, ¶ 28 (11th Dist.)

**{¶26}** Appellant's argument that the trial court did not have sufficient evidence to establish a breach of contract because there was "no documentation provided of alleged items purchased" by Appellant does not have merit. A party's use of funds acquired through a loan is not an essential element required to prove the existence of a loan. Thus, the lack of such evidence is not a basis to reverse the trial court's judgment here.

**{¶27}** Next, Appellant's argument that the trial court's judgment was against the manifest weight of the evidence is also without merit. Appellant does not appear to contest that she received $6,000.00 from Appellee through two checks. Instead, she argues that no loan was established because the money she received from Appellee was a gift rather than a loan.

**{¶28}** The trial court heard evidence from both parties on this issue at the small claims trial.

**{¶29}** Appellee testified that he gave Appellant the $6,000.00 as a loan to help her with the property purchase she made in her own name. Appellant also testified that the $1,000.00 check was a loan for Appellant "that she borrowed for the bed" and "borrowed

7

for posts and electric fence." He said the $5,000.00 loan was "to pay the barn she had put in by Eli Miller." Appellant testified that Appellee gave her the money as a gift to try to buy her affection in a failing relationship and denied needing the money or Appellee's help to secure financing or close the property sale.

{¶30} The outcome of this case turned on the credibility of the witnesses. The trial judge was in the best position to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. Based on the evidence presented at the trial, we cannot say the trial court clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered.

{¶31} Appellant's assignments of error are therefore without merit.

{¶32} Accordingly, the judgment of the Ashtabula County Court, Western Division, is affirmed.


EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.