[Cite as *Morgan228, L.L.C. v. Miavitz*, 2025-Ohio-1974.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

MORGAN228, LLC,

      Plaintiff-Appellant,

    - vs -

FREDERICK J. MIAVITZ, et al.,

      Defendants-Appellees.

**CASE NO. 2024-P-0071**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2022 CV 00292

## OPINION AND JUDGMENT ENTRY

Decided: June 2, 2025
Judgment: Reversed and remanded

*Kenneth D. Myers*, 6100 Oak Tree Boulevard, Suite 200, Cleveland, OH 44131 (For Plaintiff-Appellant).

*William D. Lentz*, Lentz & Noble, LLC, 228 West Main Street, P.O. Box 248, Ravenna, OH 44266 (For Defendants-Appellees).

JOHN J. EKLUND, J.

{¶1} Appellant, Morgan228, LLC, appeals the judgment of the Portage County Court of Common Pleas in which the court granted judgment to Appellant on its breach of contract claim against Appellees, Frederick J. Miavitz ("Frederick Sr.") and Beverly L. Miavitz (collectively, "the Miavitzes"), but awarded Appellant no damages. In doing so, the trial court rejected the magistrate's recommended damages award of $33,226.45.

{¶2} Appellant raises a single assignment of error, arguing that the trial court erred in finding it suffered no damages.

{¶3}  Having reviewed the record and the applicable law, we find that the trial court abused its discretion by rejecting the magistrate's decision and awarding no damages to Appellant.  In particular, the trial court failed to address testimony from Appellant's principal that Appellant will reimburse the company that paid the costs associated with the Miavitzes' breach of contract.  The trial court also failed to cite any legal authority in support of its determination.

{¶4}  Therefore, we reverse the judgment of the Portage County Court of Common Pleas and remand for further proceedings.

## Substantive and Procedural History

{¶5}  Appellant is an Ohio limited liability company owned by Jeff Buck. The Miavitzes are husband and wife who previously owned the commercial property located at 228 South Sycamore Street in Ravenna, Ohio.

{¶6}  On February 8, 2021, Appellant and the Miavitzes entered into an Agreement for Purchase and Sale of Real Property pursuant to which Appellant agreed to purchase the property from the Miavitzes for $235,000.  Section 5 of the Agreement, entitled "SPECIAL CONDITIONS," provides, in relevant part, that "Seller [the Miavitzes] will remove all personal property, scrap metal, tools, cars, building supplies and any other assorted material from the location on or before closing."

{¶7}  Following three extensions, the transaction closed on June 17, 2021.  Upon taking possession, Buck discovered that numerous items of personal property remained at the premises, including pallets, bins, stacks of wood, an old hot water tank, garbage, boxes, and old furniture.  Buck also discovered a room concealed with a piece of drywall

that contained a large amount of paint, thinners, petroleum products, and other unknown liquids.

{¶8} Buck hired an Amish contractor to remove the materials and put them in dumpsters and a hauling company to take the dumpsters away. Some of the items posed environmental concerns and required extra expense. The total amount of the invoices was $33,226.45. A. Morgan Building Group, which is another company that Buck owns, paid the invoices.

{¶9} On April 20, 2022, Appellant filed a Complaint against the Miavitzes in the Portage County Court of Common Pleas asserting claims for breach of contract and fraud. On May 13, 2022, the Miavitzes filed an Answer. On May 17, 2022, Appellant filed an Amended Complaint. On June 4, 2022, the Miavitzes filed an Answer to the Amended Complaint.

{¶10} On October 3, 2023, the matter was tried to the magistrate. Appellant presented testimony from Buck, David Whyte, who was the Miavitzes' real estate agent, and Frederick Sr. As exhibits, Appellant submitted the transaction documents, photos of the premises, and copies of invoices and checks. The Miavitzes presented testimony from Frederick Sr. and his son, Frederick Miavitz, Jr.

{¶11} On April 25, 2024, the magistrate filed a decision in which it found that the Miavitzes did not induce Appellant to purchase the building or intentionally conceal personal property. However, the Miavitzes breached the agreement by failing to remove all personal property from the premises. The magistrate recommended judgment in favor of Appellant and against the Miavitzes, jointly and severally, in the amount of $33,226.45.

Case No. 2024-P-0071

{¶12} On May 7, 2024, the Miavitzes filed objections to the magistrate's decision. As their fourth objection, the Miavitzes argued that the magistrate erred by awarding damages to Appellant because Appellant did not incur any costs of cleanup or removal. Rather, A. Morgan Building Group paid the invoices. The Miavitzes also filed a motion for leave to supplement their objections after the transcript was filed. On May 9, 2024, the magistrate permitted the Miavitzes to supplement their objections within 21 days after the transcript was filed.

{¶13} On July 26, 2024, the transcript was filed. The Miavitzes did not supplement their objections.

{¶14} On September 5, 2024, Appellant filed a response in opposition to the Miavitzes' objections. In response to the Miavitzes' fourth objection, Appellant cited Buck's trial testimony that Appellant will reimburse A. Morgan Building Group after it obtains judgment against the Miavitzes.

{¶15} On October 2, 2024, the trial court filed a judgment entry in which it granted judgment to Appellant on its breach of contract claim but awarded no damages. The trial court rejected the magistrate's decision with respect to damages, finding that "no evidence was presented to demonstrate any damages incurred by" Appellant.

{¶16} On October 30, 2024, Appellant timely appealed and asserts the following assignment of error: "The trial court erred in holding that plaintiff Morgan228 suffered no damages."

**Standard of Review**

{¶17} The parties disagree about the applicable standard of review. Appellant contends that our review is de novo because this appeal involves "the analysis of a

Case No. 2024-P-0071

contract." The Miavitzes contend that this appeal "concerns an issue of damages" and that our review is either abuse of discretion or manifest weight of the evidence.

{¶18} Appellant's assignment of error involves the trial court's partial rejection of the magistrate's decision. This Court has consistently held that the trial court's judgment regarding whether to adopt, reject, or modify a magistrate's decision is reviewed for abuse of discretion. *Coliadis v. Holko Enercon, Inc.,* 2016-Ohio-8522, ¶ 18 (11th Dist.). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004). "When a pure issue of law is involved in appellate review, the mere fact that the reviewing court would decide the issue differently is enough to find error." *Id.* at ¶ 67. "By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Id.*

**Analysis**

{¶19} In its sole assignment of error, Appellant argues that the trial court erred in finding that it suffered no damages.

{¶20} Generally, a party injured by a breach of contract is entitled to its expectation interest, which is its interest in having the benefit of its bargain by being put in as good a position as it would have been in had the contract been performed. *Nelson Sand & Gravel v. Ring*, 2002-Ohio-6571, ¶ 19 (11th Dist.). The award of money damages in a breach of contract action is designed to place the injured party in the same position that it would have been had the contract not been breached. *Id.* at ¶ 17. Thus, "damages

Case No. 2024-P-0071

are to be compensatory in nature and not punitive." *Id.* The injured party "should not be placed in a better position than if the contract had not been breached." *Id.*

{¶21} The plaintiff "in a breach of contract action bears the burden of proving the nature and extent of its damages in order to be entitled to compensation." *Id.* at ¶ 18. To calculate the measure of damages in this context, the court considers the loss in value to the plaintiff of the breaching party's performance. *Victorian Room Banquet Ctr. v. Bernard*, 2006-Ohio-4946, ¶ 16 (11th Dist.); Restatement of the Law 2d, Contracts, § 347, Comment b. (1981). Where the plaintiff must "pay an additional amount, such amount is a proper measure of damages." *Victorian Room* at ¶ 16.

{¶22} There is no dispute that the Miavitzes failed to remove all personal property from the premises; that contractors subsequently removed the property at a cost of $33,226.45; and that A. Morgan Building Group, rather than Appellant, paid the contractors. In determining that Appellant did not incur damages, the trial court stated, in relevant part:

> No evidence was presented to demonstrate any expense incurred by [Appellant], directly owed by [Appellant], or paid by [Appellant] regarding the clean-up of the real property. Further, no evidence was presented to demonstrate any connection between [Appellant] and A. Morgan Building Group wherein [Appellant] would have been affected by any of the expenses paid by A. Morgan Building Group. Accordingly, there was no evidence submitted to the Court that [Appellant] incurred any expenses or was damaged in any way by any action or inaction of [the Miavitzes].

{¶23} Despite the trial court's assertions, Appellant presented evidence at trial indicating it will reimburse A. Morgan Building Group. In particular, Buck testified as follow:

Q. Mr. Buck, again, who paid Estes Hauling?

A. I did.

Q. It says here A. Morgan Building Group?

Case No. 2024-P-0071

A.  I am A. Morgan Building Group.

Q.  A. Morgan Building Group paid them; correct?

A.  Yes.

Q.  Well, did you reimburse, then, your company, Morgan228, the Plaintiff in this case?

A.  Not yet.  I'm hoping to do that after this court case concludes.

Q.  Same question with the Amish workers.  Did A. Morgan Building Group pay back Morgan228?

A.  Not yet.

{¶24}  Under an abuse of discretion standard of review, we give deference to the trial court's findings regarding the weight of the evidence and the credibility of witnesses. *See Coliadis*, 2016-Ohio-8522, at ¶ 26 (11th Dist.).  However, the trial court did not acknowledge Buck's reimbursement testimony and instead erroneously found that Appellant presented "no evidence."  The trial court, rather than this Court, must assess Buck's reimbursement testimony in the first instance.  *See Habtemariam v. Worku*, 2020-Ohio-3044, ¶ 58 (10th Dist.) ("As the trial court was in the best position to assess the credibility of the testimony and the weight of the evidence, we decline to make findings with regard to appellant's contentions in the first instance on appeal").

{¶25}  In addition, the trial court did not cite any legal authority in support of its determination.  Pursuant to the Restatement of Contracts, "[t]he injured party is limited to damages based on his actual loss caused by the breach.  If he makes an especially favorable substitute transaction, so that he sustains a smaller loss than might have been expected, his damages are reduced by the loss avoided as a result of that transaction."  Restatement at § 347, Comment e.  In other words, the breaching party's liability in a

Case No. 2024-P-0071

breach of contract case is reduced by payments or other benefits the injured party received from collateral sources. *See id.*; *State ex rel. Stacy v. Batavia Local School Dist. Bd. of Edn.*, 2005-Ohio-2974, ¶ 38-39, *overruled on other grounds by Vandercar, L.L.C. v. Port of Greater Cincinnati Dev. Auth.*, 2024-Ohio-1501 (deducting retirement benefits from an employee's back-pay award for an employer's breach of contract).[1]

{¶26} Buck's reimbursement testimony, if competent and credible, casts doubt on whether Appellant made an "especially favorable substitute transaction," i.e., one in which it benefited from gratuitous services. However, the trial court, after assessing the weight and credibility of Buck's testimony, must apply the applicable law in the first instance. *See Bevelacqua v. Tancak*, 2022-Ohio-4442, ¶ 32 (9th Dist.).

{¶27} In sum, the trial court abused its discretion in rejecting the magistrate's decision. Accordingly, Appellant's sole assignment of error has merit. The trial court's judgment is reversed, and this case is remanded for further proceedings. On remand, the trial court shall consider the Miavitzes' fourth objection in relation to Buck's reimbursement testimony and the applicable law.

---

1. In *Stacy*, the Supreme Court of Ohio held that the collateral-source rule in tort actions, which precludes an offset for amounts received from a source independent of the wrongdoer, is not applicable to cases involving breach of contract. *See id.* at ¶ 38. Ohio's current collateral-source rule is codified in R.C. 2315.20. It applies only to a "tort action," the definition of which excludes "a civil action for damages for a breach of contract or another agreement between persons." R.C. 2315.20(A) and (D)(1).

Case No. 2024-P-0071

{¶28} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is reversed, and this matter is remanded for further proceedings.


MATT LYNCH, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2024-P-0071

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is reversed, and this matter is remanded to the trial court for further proceedings consistent with the opinion.

Costs to be taxed against Appellees.

JUDGE JOHN J. EKLUND

JUDGE MATT LYNCH,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2024-P-0071