[Cite as *Morgan228, L.L.C. v. Miavitz*, 2026-Ohio-520.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| MORGAN228, L.L.C., | **CASE NO. 2025-P-0046** |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| FREDERICK J. MIAVITZ, et al., | Trial Court No. 2022 CV 00292 |
| Defendants-Appellants. | |

## OPINION AND JUDGMENT ENTRY

Decided: February 17, 2026
Judgment: Affirmed

*Kenneth D. Myers,* 6100 Oak Tree Boulevard, Suite 200, Cleveland, OH 44131 (For Plaintiff-Appellee).

*William D. Lentz*, Lentz & Noble, L.L.C., 228 West Main Street, P.O. Box 248, Ravenna, OH 44266 (For Defendants-Appellants).

JOHN J. EKLUND, J.

{¶1} Appellants, Frederick J. Miavitz and Beverly L. Miavitz (collectively, "the Miavitzes"), appeal the judgment of the Portage County Court of Common Pleas awarding damages of $33,226.45 to Appellee, Morgan228, LLC ("Morgan228"), on its breach of contract claim.

{¶2} The Miavitzes raise a single assignment of error, arguing that the trial court abused its discretion by granting judgment to Morgan228 in the amount of $33,226.45.

{¶3} Having reviewed the record and the applicable law, we find that the trial court did not abuse its discretion. First, the Miavitzes do not articulate how testimony

from Morgan228's principal, if believed, was legally insufficient to establish the existence of Morgan228's damages. To the extent the Miavitzes are challenging the weight of that testimony, we see no compelling reason to disturb the trial court's weight and credibility determinations. Second, the Miavitzes' challenge to the amount of the trial court's damages award misconstrues the magistrate's findings.

{¶4} Therefore, we affirm the judgment of the Portage County Court of Common Pleas.

## Substantive and Procedural History

{¶5} We considered a prior appeal from the underlying matter in *Morgan228, L.L.C. v. Miavitz*, 2025-Ohio-1974 (11th Dist.). For the sake of clarity, we restate the relevant history.

{¶6} The Miavitzes are husband and wife who previously owned the commercial property located at 228 South Sycamore Street in Ravenna, Ohio. Morgan228 is an Ohio limited liability company owned by Jeff Buck.

{¶7} On February 8, 2021, the Miavitzes and Morgan228 entered into an Agreement for Purchase and Sale of Real Property, pursuant to which Morgan228 agreed to purchase the property from the Miavitzes for $235,000. Section 5 of the Agreement, entitled "SPECIAL CONDITIONS," provides, in relevant part, that "Seller [the Miavitzes] will remove all personal property, scrap metal, tools, cars, building supplies and any other assorted material from the location on or before closing."

{¶8} Following three extensions, the transaction closed on June 17, 2021. Upon taking possession, Buck discovered that numerous items of personal property remained at the premises, including pallets, bins, stacks of wood, an old hot water tank, garbage,

Case No. 2025-P-0046

boxes, and old furniture. Buck also discovered a room concealed with a piece of drywall that contained a large amount of paint, thinners, petroleum products, and other unknown liquids.

{¶9} Buck hired an Amish contractor to remove the materials and put them in dumpsters and a hauling company to take the dumpsters away. Some of the items posed environmental concerns and required extra expense. The total amount of the invoices was $33,226.45. A. Morgan Building Group, which is another company that Buck owns, paid the invoices.

{¶10} On April 20, 2022, Morgan228 filed a Complaint against the Miavitzes in the Portage County Court of Common Pleas, asserting claims for breach of contract and fraud. On May 13, 2022, the Miavitzes filed an Answer. On May 17, 2022, Morgan228 filed an Amended Complaint. On June 4, 2022, the Miavitzes filed an Answer to the Amended Complaint.

{¶11} On October 3, 2023, the matter was tried to the magistrate. Morgan228 presented testimony from Buck, David Whyte, who was the Miavitzes real estate agent, and Mr. Miavitz. As exhibits, Morgan228 submitted the transaction documents, photos of the premises, and copies of invoices and checks. The Miavitzes presented testimony from Mr. Miavitz and their son, Frederick Jr.

{¶12} On April 25, 2024, the magistrate filed a decision in which it found that the Miavitzes did not induce Morgan228 to purchase the building or intentionally conceal personal property but that the Miavitzes breached the agreement by failing to remove all personal property from the premises. The magistrate recommended judgment in favor of Morgan228 and against the Miavitzes, jointly and severally, in the amount of $33,226.45.

{¶13} On the same date, the trial court filed a judgment entry in which it adopted the magistrate's decision and granted judgment in accordance with the magistrate's recommendation.

{¶14} On May 7, 2024, the Miavitzes filed four objections to the magistrate's decision. In their fourth objection, the Miavitzes argued that the magistrate erred by awarding damages to Morgan228 because Morgan228 did not incur any costs of cleanup or removal; rather, A. Morgan Building Group paid the invoices.[1]

{¶15} On the same date, the Miavitzes filed a motion for leave to supplement their objections once the transcript was filed. On May 9, 2024, the magistrate permitted the Miavitzes to supplement their objections within 21 days after the filing of the transcript. On July 26, 2024, the transcript was filed. The Miavitzes did not supplement their objections.

{¶16} On September 5, 2024, Morgan228 filed a response in opposition to the Miavitzes' objections. In response to the fourth objection, Morgan228 cited Buck's trial testimony that Morgan228 will reimburse A. Morgan Building Group after it obtains judgment against the Miavitzes.

{¶17} On October 2, 2024, the trial court filed a judgment entry in which it granted judgment to Morgan228 on its breach of contract claim but awarded it no damages. The trial court rejected the magistrate's decision with respect to damages, finding that "no evidence was presented to demonstrate any damages incurred by" Morgan228.

---

1. The Miavitzes' second objection stated, "The Magistrate erred in awarding damages in the amount of $33,226.45 as Plaintiff [Morgan228] failed to mitigate damages." Their third objection stated, "The Magistrate erred by awarding damages that included not only removal expenses but also cleaning expenses."

Case No. 2025-P-0046

{¶18} On October 30, 2024, Morgan228 timely appealed and asserted the following assignment of error: "The trial court erred in holding that plaintiff Morgan228 suffered no damages."

{¶19} On June 2, 2025, this Court filed its Opinion and Judgment in *Morgan228*, 2025-Ohio-1974 (11th Dist.). We found that the trial court abused its discretion by rejecting the magistrate's decision and awarding no damages to Morgan228. *Id*. at ¶ 3. We explained:

> Generally, a party injured by a breach of contract is entitled to its expectation interest, which is its interest in having the benefit of its bargain by being put in as good a position as it would have been in had the contract been performed. *Nelson Sand & Gravel v. Ring*, 2002-Ohio-6571, ¶ 19 (11th Dist.). The award of money damages in a breach of contract action is designed to place the injured party in the same position that it would have been had the contract not been breached. *Id*. at ¶ 17. Thus, "damages are to be compensatory in nature and not punitive." *Id*. The injured party "should not be placed in a better position than if the contract had not been breached." *Id*.
>
> The plaintiff "in a breach of contract action bears the burden of proving the nature and extent of its damages in order to be entitled to compensation." *Id*. at ¶ 18. To calculate the measure of damages in this context, the court considers the loss in value to the plaintiff of the breaching party's performance. *Victorian Room Banquet Ctr. v. Bernard*, 2006-Ohio-4946, ¶ 16 (11th Dist.); Restatement of the Law 2d, Contracts, § 347, Comment b. (1981). Where the plaintiff must "pay an additional amount, such amount is a proper measure of damages." *Victorian Room* at ¶ 16.

*Id*. at ¶ 21-22.

{¶20} We acknowledged that under an abuse of discretion standard of review, a reviewing court gives deference to the trial court's findings regarding the weight of the evidence and the credibility of witnesses. *Id*. at ¶ 24. However, the trial court did not acknowledge Buck's reimbursement testimony and instead erroneously found that

Morgan228 presented "no evidence." *Id*. The trial court also did not cite any legal authority in support of its determination. *Id*. Thus, we further explained:

> Pursuant to the Restatement of Contracts, "[t]he injured party is limited to damages based on his actual loss caused by the breach. If he makes an especially favorable substitute transaction, so that he sustains a smaller loss than might have been expected, his damages are reduced by the loss avoided as a result of that transaction." Restatement at § 347, Comment e. In other words, the breaching party's liability in a breach of contract case is reduced by payments or other benefits the injured party received from collateral sources. *See id*.; *State ex rel. Stacy v. Batavia Local School Dist. Bd. of Edn.*, 2005-Ohio-2974, ¶ 38-39, *overruled on other grounds by Vandercar, L.L.C. v. Port of Greater Cincinnati Dev. Auth.*, 2024-Ohio-1501 (deducting retirement benefits from an employee's back-pay award for an employer's breach of contract).

(Footnote omitted) *Id*. at ¶ 25.

{¶21} We noted that Buck's reimbursement testimony, if competent and credible, cast doubt on whether Morgan228 made an "especially favorable substitute transaction," i.e., one in which it benefited from gratuitous services. *Id.* at ¶ 26. However, we stated that the trial court, after assessing the weight and credibility of Buck's testimony, must apply the applicable law in the first instance. *Id*. at ¶ 26. Accordingly, we reversed the trial court's judgment and remanded for the court to consider the Miavitzes' fourth objection in relation to Buck's reimbursement testimony and the applicable law. *Id*. at ¶ 27.

{¶22} On June 20, 2025, the trial court filed a judgment entry granting judgment to Morgan228 in the amount of $33,226.45. The trial court reasoned as follows:

> Upon review, this Court finds that Jeff Buck's testimony in the trial indicated that Plaintiff suffered $33,226.45 in actual damages. The testimony of Jeff Buck was also that a collateral source paid toward the damages sustained by Morgan228, LLC, which is owned by Jeff Buck. Said collateral source was A. Morgan Building Group, which is another entity owned by Jeff Buck. Jeff Buck's testimony also indicated that Morgan228, LLC would repay A. Morgan Building Group upon a favorable judgment in

Case No. 2025-P-0046

this matter. Plaintiff submitted exhibits showing costs paid by A. Morgan Building Group for remediation of the real property. No evidence was presented to indicate that the payment by A. Morgan Building Group was gratuitous.

The Magistrate Decision also does not call into question the veracity Jeff Buck's testimony.

{¶23} On July 16, 2025, the Miavitzes timely appealed and raise a single assignment of error.

**Assignment of Error and Analysis**

{¶24} The Miavitzes' sole assignment of error states: "Did the trial court abuse its discretion and fail to follow the mandate of the Eleventh District Court of Appeals [sic] June 2, 2025 remand decision by granting judgment in favor of Appellee [Morgan228] and against Appellant [the Miavitzes] in the amount of $33,226.45."

{¶25} The trial court's judgment regarding whether to adopt, reject, or modify a magistrate's decision is reviewed for abuse of discretion. *Morgan228*, 2025-Ohio-1974, at ¶ 18 (11th Dist.). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004).

{¶26} Despite the assertion in their assignment of error, the Miavitzes do not actually argue that the trial court failed to follow this Court's mandate in *Morgan228*. Instead, the Miavitzes argue that Buck's reimbursement testimony was "not sufficient" to show that Morgan228 suffered any damages.

{¶27} "In a civil case, in which the burden of persuasion is only by a preponderance of the evidence, rather than beyond a reasonable doubt, evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy

Case No. 2025-P-0046

the burden of persuasion (weight)." *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 19. The Supreme Court of Ohio has described "sufficiency" as "'a term of art meaning that legal standard which is applied to determine . . . whether the evidence is legally sufficient to support the . . . verdict as a matter of law.'" *State v. Thompkins*, 1997-Ohio-52, ¶ 23, quoting *Black's Law Dictionary* (6th Ed. 1990). The reviewing court determines, after viewing the evidence in a light most favorable to the plaintiff, "whether a rational trier of fact could have found the essential elements proven to the requisite degree." *Riley v. Kavanaugh*, 2024-Ohio-5765, ¶ 21 (11th Dist.).

{¶28} "To establish a breach of contract claim, a party must demonstrate (1) the existence of a binding contract or agreement; (2) the non-breaching party performed its contractual obligations; (3) the breaching party failed to fulfill its contractual obligations without legal excuse; and (4) the non-breaching party suffered damages as a result of the breach." *Cafaro-Peachcreek Joint Venture Partnership v. Spanggard*, 2022-Ohio-4468, ¶ 28 (11th Dist.). The Miavitzes' argument implicates the fourth element, i.e., the existence of damages. However, the Miavitzes do not articulate how Buck's reimbursement testimony, if believed, failed to establish that element.

{¶29} To the extent the Miavitzes are challenging the *weight* of Buck's reimbursement testimony, we still find no reversible error. "'[M]anifest weight of the evidence' refers to a greater amount of credible evidence and relates to persuasion . . . ." *Eastley* at ¶ 19. The reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *Id*. at ¶ 20.

{¶30} On remand, and in accordance with our mandate, the trial court assessed the weight and credibility of Buck's reimbursement testimony and determined that such testimony, along with the other trial evidence, established that Morgan228 suffered $33,226.45 in actual damages. "On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. Upon review, we see no compelling reason to disturb the trial court's weight and credibility determinations with regard to Buck's reimbursement testimony.

{¶31} The Miavitzes also challenge the amount of the trial court's damages award, i.e., $33,226.45. According to the Miavitzes, the magistrate "specifically" found that they were not obligated to "clean" the property; therefore, they could only be liable for "removal expenses" of $11,669.45 and not for "cleanup expenses" of $21,577. They also argue that the magistrate "specifically" found that Morgan228 "did not attempt to mitigate the damages."

{¶32} Morgan228 counters that the Miavitzes arguments are barred by the law-of-the-case doctrine, which provides that "legal questions resolved by a reviewing court in a prior appeal remain the law of that case for any subsequent proceedings at both the trial and appellate levels." *Farmers State Bank v. Sponaugle*, 2019-Ohio-2518, ¶ 22. Our prior decision involved the Miavitzes' fourth objection to the magistrate's decision that challenged the *existence* of damages. We had no occasion to consider the Miavitzes' second and third objections that challenged the *amount* of damages.

{¶33} Upon review, we find that the Miavitzes' arguments misconstrue the magistrate's findings. The magistrate found that the Miavitzes were not contractually

Case No. 2025-P-0046

obligated to "clean" the property. However, the magistrate did not separately categorize Morgan228's expenses as "removal" and "cleanup." Rather, the magistrate used the terms "clean out" and "cleanup" broadly to refer to the contractors' removal and hauling away of the personal property.

{¶34} The magistrate also did not "specifically" find that Morgan228 "did not attempt to mitigate the damages." The magistrate found that Morgan228 contacted the Miavitzes' real estate agent (Whyte) to complain about the property's condition and that Whyte did not relay that complaint to the Miavitzes or attempt to resolve the issue. The magistrate also found that Morgan228 "did not do any cost comparison between cleanup contracting companies." The magistrate did not state that the foregoing actions constituted a failure to mitigate damages.

{¶35} Accordingly, the trial court did not abuse its discretion in granting judgment to Morgan228 in the amount of $33,226.45. The Miavitzes' sole assignment of error is without merit.

{¶36} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.


MATT LYNCH, P.J.,

SCOTT LYNCH, J.,

concur.

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellants' assignment of error is without merit. It is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is affirmed.

Costs to be taxed against Appellants.

JUDGE JOHN J. EKLUND

PRESIDING JUDGE MATT LYNCH,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.